**No. 58183.**—Herko, Inc. *v.* United States, petition 6928–R (New York).

JOHNSON, Judge: This petition for the remission of additional duties, filed pursuant to the provisions of section 489 of the Tariff Act of 1930, pertains to the additional duties assessed upon certain sewing-machine needles, sewing-machine parts, and cameras, by reason of the undervaluation thereon at the time of entry.

At the trial, the evidence disclosed that one Milan Herscovic met one Moishe Konichowski when in Italy, both gentlemen having been refugees from war-torn Europe. Eventually, both emigrated to the United States, Konichowski on May 3, 1950, and Herscovic on July 23, 1950. By chance, they met shortly after in New York City. Together, they decided that they should "do some business." In consequence of such decision, they formed a corporation, taking as the firm name the first three letters of Herscovic's name and the first two letters of Konichowski's name to form the corporation Herko, Inc., the petitioner herein. At the time the corporation was formed, they had not quite decided what business they were organized for, but they had in mind a business which had something to do with sewing machines for the reason that Konichowski had been a sewing-machine factory mechanic in the old country.

Finally, they decided they would enter the importing business concerned with sewing-machine parts, including machine needles. Neither of these gentlemen were conversant with the English language, nor had either been in the importing field of business in any country.

It was agreed in the latter part of November 1950 that Konichowski would go to Germany and see what he could pick up that would bring a quick profit. He embarked upon that venture on December 23, 1950. The first shipment arrived by air at the Idlewild Airport via the Dutch K. L. M. Airlines in February 1951.

Herscovic testified that he went over to pick up the first shipment and found to his surprise that he was required to hire a broker to make the entry. The airline officials referred him to a young man, who had office space in the quarters of the airline, to take care of the matter. This broker's clerk, Mario Paciaffi, was employed by the Barnett International Forwarders. Herscovic gave the broker's clerk all the papers he had in his possession and asked him to do all that had to be done to make proper entry and to pay all the duty that had to be paid. He testified further that Mario Paciaffi just took the papers and did not tell him anything that he should do. When he finally received the papers from Germany, he went to see the broker and spoke with a Mr. Frater. When the next two shipments arrived, he took the papers to Mr. Frater and told him to do the best he could to pay the duty. Neither of the broker's representatives informed the witness the procedure he should take.

The witness stated that finally he received notice from the appraiser's office requesting samples and information. Pursuant to such inquiry, he gave the appraiser everything he had concerning the shipments. The lawyer who drew up the incorporation papers went with Mr. Herscovic to see the appraiser, but he had never had any experience in customs matters. It developed that neither the petitioner nor his lawyer knew anything about the filing of submission sheets with the appraiser and, therefore, under the law, the petitioner was unable to file amendments to the entries. However, the witness testified he did everything the appraiser told him to do about attempting to obtain the proper value.

Mr. Konichowski testified that he was now a farmer since the latter part of 1951; that he went to Germany in December 1950 and inquired of the Chamber of Commerce in Munich concerning who was doing business in sewing-machine parts. He was directed to I. G. A. Import-Export. Upon inquiry there, he was told that it could sell him lots of merchandise, and he bought needles and parts. He was also induced to buy some cameras and lenses. The witness neither knew about the foreign nor export prices of the needles and machine parts in Germany. He knew nothing about factory list prices or retail prices of cameras and lenses. When he arrived in the United States in April 1951 and found all the trouble that

had arisen concerning the merchandise he had bought and shipped to the United States, he also gave the Government all the information he had. He testified he had no intention of cheating the Government.

Mario Paciaffi, the customhouse broker's representative at the airport, testified for the petitioner, but his testimony showed he clearly had no remembrance of the circumstances of this case. The examiner of merchandise testified for the petitioner that Herko, Inc., did not try to conceal or misrepresent the facts, and as far as he could see there was no intention to defraud the Government. He testified further that, upon request for values by the importer, he was unable to supply same under the regulations because the submission under section 487 of the tariff act was not filed.

It is clear from the evidence that the two officers of the petitioner, in making entry at less than the final appraised value, had no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is, therefore, granted and judgment will be entered accordingly.